DISCIPLINARY PROCEEDINGS
JiPER CURIAM.
Respondent, Glynn W. Reynolds, was formally charged with commingling and converting to his own use succession funds with which he was entrusted in violation of Rules of Professional Conduct 1.3 (diligence), 1.4 (communication with clients), 1.5 (fees), and 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). Full restitution was made. Respondent and Disciplinary Counsel reached an *373 agreement for consent discipline; respondent has tendered his Affidavit of Consent Discipline to the Office of Disciplinary Counsel. Both the Hearing Committee and the Disciplinary Board recommend approval of the consent discipline, which calls for a period of suspension subject to certain conditions.
Upon review of the record of the Disciplinary Board’s findings and recommendations, and the record filed herein, it is the decision of the Court that the consent discipline be adopted.
Accordingly, IT IS ORDERED that Glynn W. Reynolds be suspended from the practice of law for eighteen (18) months with three (3) months to be served on suspension and the remaining fifteen (15) months of suspension deferred upon his successful completion of a two (2) year probation subject to the fulfillment of the following conditions:
|21. That Glynn W. Reynolds shall continue recovery under the direction and supervision of the Alcohol and Drug Abuse Committee of the Louisiana State Bar Association, with monthly reports to be provided to the Office of Disciplinary Counsel by his monitor, Stephen Everett;
2. That Respondent attend four (4) hours of continuing legal education in the area of office management or ethics in each year of his probation in addition to the requisite fifteen (15) hours mandated under the rules;
3. That Respondent contribute at least twenty (20) hours each year of probation to community service such as ^providing pro bono legal services or counseling young lawyers in the area of alcohol or drug abuse;
4. That Respondent fully comply with all mandatory continuing legal education requirements; that he fully pay all Bar dues; that he file an annual registration statement and pay his yearly disciplinary assessment;
5. That Respondent pay the costs of these proceedings;
6. That Respondent provide timely proof of compliance with these conditions to the Office of Disciplinary Counsel as they are completed.
7. That a practice monitor, separate and apart from Stephen Everett, the sobriety monitor, be provided for the Respondent during the 2 year probationary period. The monitor shall be from the list of attorneys maintained by the Disciplinary Board and shall serve in accordance with the procedures set forth in Rule XIX, Appendix C, Procedural Rules for Probation Monitors. The monitor shall be empowered to require financial audits of Respondent’s person, office and trust accounts, if warranted, at any time during the 2 year period of probation. The costs of such audits shall be at the expenses of the Respondent. The practice monitor shall provide quarterly written reports regarding the monitoring of Respondent’s law practice.
8. Full compliance by Respondent with the Rules of Professional Conduct and prompt and full cooperation with requests for information by the Office of Disciplinary Counsel during the two year probationary period.
9. That a violation of any of these terms or conditions of probation may result in the filing of a rule to revoke probation which may be heard by a panel of the Disciplinary Board as a summary proceeding.
SUSPENSION WITH CONDITIONS ORDERED.
JOHNSON, J., dissents. This consent discipline is too lenient. I would recommend an 18 month suspension.