*1058 DISCIPLINARY PROCEEDINGS
JiPER CURIAM. *
On February 9, 1996, this court ordered respondent, Glynn W. Reynolds, an attorney licensed to practice law in the State of Louisiana, suspended from the practice of law for eighteen (18) months, with three (3) months to be served on suspension and the remaining fifteen (15) months deferred upon successful completion of a 2 year probation subject to the fulfillment of several conditions. In re: Glynn Reynolds, 95-3059, (La.2/16/96), 667 So.2d 1042.
Upon confirming information received from the Director of the Lawyer’s Assistance Program, Inc. (hereafter, “LAP”) that respondent violated the terms of his probation, disciplinary counsel filed an Emergency Rule to Revoke Probation with the disciplinary board on August 16, 1996 requesting that a hearing to show cause be scheduled. The disciplinary board later continued the rule without a date at the request of disciplinary counsel.
On December 16,1996, disciplinary counsel filed a second rule to revoke probation alleging five violations of respondent’s probation. Specifically, it was alleged that respondent failed to cooperate with his sobriety monitor and evidenced behavior consistent with a lapse of sobriety, as well as failed to cooperate with his practice monitor. Disciplinary counsel asserted that respondent did not provide payment of fees owing to the Alcohol and Drug Abuse Committee of the Louisiana State Bar Association (hereafter, “ADAC”) for his participation in the monitoring program and also the disciplinary board for costs associated with his prior disciplinary proceedings. It was further alleged that respondent did not perform his continuing legal education requirements or community service as ordered by the terms of his probation. Finally, disciplinary counsel claimed that respondent failed to cooperate in its investigations of three newly filed complaints asserted by former clients, Jamie Jordan, Robert McClees and Carolyn Torres.
On January 24, 1997, a panel of the disciplinary board was convened and a revocation hearing was conducted. At the conclusion of disciplinary counsel’s case, respondent’s at-tomey | ¿requested a continuance because respondent, a diabetic, was too ill to testify on his behalf. The panel granted the motion with the provision that if respondent failed to appear at the second hearing, the panel would submit the matter without his testimony unless he had a written medical excuse.
The panel met for the second time on January 27, 1997. Respondent’s counsel made another motion for a continuance and presented an admittance order showing respondent was hospitalized within hours of the hearing for his diabetes. The panel granted the motion and rescheduled it for February 4, 1997 again with the specific order, that if respondent failed to show, the panel would submit the matter without his testimony.
On February 3, 1997, respondent’s attorney sent a letter to the board stating that respondent was still sick and wanted the opportunity to testify at the hearing by telephone. On the following day, another motion for continuance was made by respondent’s attorney. He stated that, although respondent was not hospitalized, he was still too ill to testify by telephone. The panel denied the continuance, but left the matter open until February 12, 1997 at 5:00 pm for submission of documentary evidence.
On February 12, 1997, the disciplinary board received several documents by facsimile and mail from respondent’s attorney. Although documents that were untimely received were not admitted into evidence by the board panel, a Response to Rule to Revoke Probation that was untimely filed was admitted, not as evidence, but rather as pleading an argument. Disciplinary counsel filed its objection to the submissions on February 21,1997.
Upon its review of the evidence gathered by the board panel, the disciplinary board filed its recommendation on March 25, 1997 unanimously finding respondent violated the terms of his probation. Specifically, the board found that respondent failed to cooperate with his practice monitor by failing to *1059 meet on at least four (4) occasions, and failing to return phone calls on at least nine (9) occasions. It was further found that respondent did not perform his continuing legal education and community service. The panel determined that respondent did not make payment of mandatory fees owing to the LAP and the disciplinary board, and failed to cooperate with his sobriety monitor on more than one occasion as required by his LAP agreement. The panel noted that, although respondent did not provide attendance reports, did not meet with his new AA sponsor and bottles of alcohol were found in his office kitchen, no one had ever seen respondent |-¡drink alcohol or intoxicated. As such, the panel concluded disciplinary counsel failed to prove by a preponderance of evidence that respondent suffered a lapse of sobriety.
As to the newly asserted complaints filed against respondent, the disciplinary board found he failed to cooperate in the investigations. With respect to the Jordan matter, the panel concluded respondent refused to provide financial records, participate in an audit ordered by his practice monitor, and account to his client regarding the depletion of funds in excess of $35,700 from a trust account in which respondent was the trustee. As to the McClees complaint involving allegations that respondent failed to show up at legal proceeding for which he was retained, the board determined respondent refused to respond to the complaint despite repeated requests. With respect to the Torres matter which involved allegations that respondent did not show up at an administrative hearing, the board found that respondent also failed to provide a response to disciplinary counsel regarding the complaint, as well as failed to appear pursuant to a subpoena served in the ease.
The disciplinary board concluded that in light of the circumstances that respondent’s probation should be revoked. The board further recommended, in fight of the strong evidence of new disciplinary problems, that disciplinary counsel continue its investigation and consider pursuing disciplinary action against respondent for the Jordan, McClees and Torres complaints.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the- court that the disciplinary board’s recommendations be adopted in its entirety.
Accordingly, it is ordered that respondent’s probation be revoked and the remaining fifteen (15) months of his suspension be made executory. It is further ordered that disciplinary counsel proceed with formal charges against respondent for the Jordan, McClees and Torres complaints. Respondent is also assessed with all costs of these proceedings.

 Knoll, J. not on panel. Supreme Court Rule IV, Part 2, § 3.