ATTORNEY DISCIPLINARY PROCEEDINGS
liPER CURIAM. *
This attorney disciplinary proceeding arises from one count of formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Timothy A. Jones, an attorney licensed to practice law in the State of Louisiana. The charges allege violations of the Rules of Professional Conduct, specifically, Rules 1.15(a) (failure to keep funds of a client or third party separate from attorney’s own funds), 1.15(b) (failure to refund and account for client funds), 1.15(c) (failure to keep disputed client property separate from his own property), 8.4(a) (violating the Rules of Professional Conduct), 8.4(b) (engaging in criminal acts adversely reflecting on a lawyer’s honesty) and 8.4(c) (engaging in conduct involving fraud, deceit, dishonesty or misrepresentation).
UNDERLYING FACTS
Respondent was retained by Sylvester Lavergne in connection with a personal injury matter. In 1993, the matter was settled for $14,867.99. Respondent distributed $12,-367 in settlement funds to his client, but retained the remaining $2,500 in settlement funds, allegedly to cover payment of Mr. Lavergne’s future medical bills. However, the record indicates that respondent paid only one debt on Mr. Lavergne’s behalf, in the amount of $270.
Bank records indicate that on numerous occasions between 1993 and 1996, the amount in respondent’s trust account fell below $2,500. During this time, respondent failed to respond to his client’s inquiries and demands regarding the funds, and failed to pay an outstanding medical bill as requested by Mr. Lavergne. As a result, Mr. Lavergne hired two separate attorneys to assist him in collecting the funds. Respondent did not refund the balance of these funds to his client until June 4, 1996, after the filing of the bar disciplinary complaint.
*851 ^DISCIPLINARY PROCEEDINGS
On March 21, 1997, the ODC instituted formal charges alleging several professional violations. Respondent filed an answer requesting a hearing be convened and, two days later, notice was mailed to respondent advising of the scheduled hearing set for June 24, 1997. Due to his alleged failure to receive timely notice of the hearing and his delay in retaining representing counsel, respondent sought two separate continuances of the formal hearing on June 18 and June 23. His requests were denied by the hearing committee chair.
The hearing committee conducted a formal hearing, where respondent, at the outset, unsuccessfully reurged his motion to continue the hearing.[1] The ODC submitted into evidence copies of respondent’s bank records which indicated the balance in his client trust account often fell below $2,500 during the period of the retention of the funds. The records showed on eleven different occasions, between January of 1994 to April of 1996, the trust account was overdrawn, thus, indicating respondent misappropriated funds belonging to his other clients, as well as Mr. Lavergne.
Respondent argued that he was justified in retaining the funds because he learned there was a possible lien or privilege in favor of Medicare for unreimbursed expenses paid to the client. He contended that since there was a three year prescription for a reimbursement claim by Medicare, he acted properly in retaining these funds for three years after the date of the settlement.
Respondent also denied receiving any of the correspondence from Mr. Lavergne’s attorneys demanding the return of the funds and the ODC regarding the complaint and scheduled hearing. In support, he produced his secretary, Janie Mills, who testified that she usually handled the mail. She was unable to explain why many of the certified demand letters from Mr. Lavergne’s attorneys seeking collection of the funds went unclaimed and why the office failed ftto receive notices sent by the ODC, although she stated the office always had problems with the postal department. As to the certified letters received and signed by respondent’s former office employees, she stated that the letters never made it to her desk to give to respondent.
Finally, Ms. Mills testified she had the sole responsibility for maintaining the records in the client trust and operating accounts. She stated the client trust account would become overdrawn when she wrote checks for office expenses when the operating account had no funds. She stated that she would just replace the funds in the client trust account when settlements and attorney fees came in. Ms. Mills testified she never advised respondent when the account was overdrawn because she was not suppose to be writing checks from the client account for office expenditures.
On November 10, 1997, the hearing committee filed its recommendation with the disciplinary board. The committee rejected the testimony of Ms. Mills, finding she was not a credible witness.[2] The committee concluded *852 respondent neglected to maintain his clients’ funds in trust, commingling and converting those funds to his own use continuously during the period of November 8, 1993 through June 4,1996. However, the committee found respondent’s actions were the result of “conscious indifference” regarding his trust account rather than a conscious intent to embezzle client funds.
As mitigating factors, the committee noted respondent’s lack of a prior disciplinary record, and recognized that settlements in cases involving outstanding medical expenses could place attorneys in a precarious position. However, the committee found any mitigating factors were outweighed by the aggravating factors present in this case: substantial experience in the practice of law (admitted in October, 1976) and a pattern of commingling and conversion of client funds. Further, the committee stated respondent showed “contempt for the charges and these proceedings by attempting to substitute his secretary for himself as the responsible party.” Based on these factors, the committee recommended respondent be suspended from the practice of law for a period of one year suspension, with all but thirty days deferred, followed by a one |4year period of probation with conditions. [3]
On April 9, 1998, the disciplinary board issued its opinion concurring in the findings of the committee that there was clear and convincing evidence respondent was guilty of the misconduct as charged and violated duties owed to the legal system, profession and his client. Although it concluded respondent’s conduct was knowing and intentional, the board made the specific finding there was no intentional fraud or personal benefit on respondent’s part.
Based on these findings, the board recommended respondent be suspended from the practice of law for a period of one year, with all but thirty .days deferred. It further proposed a two year period of probation, subject to conditions similar to those proposed by the committee.[4] Further, the board recommended that respondent remove his secretary, Janie Mills, as signatory for his client trust account, if he had not already done so, and provide proof of her removal prior to the expiration of the active suspension. Finally, pursuant to Supreme Court Rule 15XIX § 10(A)(3), the board recommended that a hearing be conducted at the end of the two year probationary period to determine whether there is a continued need for supervision.
One board member dissented in part, stating that he did not believe the board had authority to require respondent’s secretary attend a law office practice workshop. Further, he stated that he would add the probationary condition that respondent assume and maintain exclusive personal power over his trust account.
The ODC filed an objection in this court, and the matter was set for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
*853 DISCUSSION
The record supports the- findings of fact made by the hearing committee that respondent commingled and converted client funds. While we agree with the committee’s finding that the commingling and conversion did not result from any dishonest motive on respondent’s part, we find his conduct reveals an indifference toward the procedures necessary when dealing with client funds. This conduct is especially disturbing in light of respondent’s substantial experience in the practice of law.
Based on these facts, we find the sanction recommended by the disciplinary board is inappropriate and inconsistent with the prior jurisprudence of this court.[5] We conclude a one year suspension from the practice of law, with all but two months deferred, is an appropriate sanction. At the conclusion of the active portion of the suspension, respondent shall be placed on probation for a period of two years, under the supervision of a practice monitor to be appointed by the disciplinary board, and subject to all conditions recommended by the disciplinary board, except for condition number four.[6]
| «DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, briefs and oral argument, it is the decision of the court that respondent, Timothy A. Jones, be suspended from the practice of law for a period of one year, with all but two months of this suspension deferred. Following completion of the active portion of his suspension, respondent shall be placed on probation for a period of two years, under the supervision of a practice monitor to be appointed by the disciplinary board, and subject to all conditions recommended by the disciplinary board, with the exception of condition number four, which is deleted. All costs in this matter are assessed against respondent.

 Johnson, J. not on panel. Rule IV, Part II, § 3.

. In support of his motion for continuance, respondent contended he did not learn of the June 24, 1997 hearing until June 16, 1997. In support, he produced an affidavit executed by his secretary, in which she averred that, in the late April, 1997, she opened respondent's mail and received notice of the scheduled date of the formal hearing. She stated she decided to hold the notice and not inform the respondent "in order to avoid upsetting him, since [she] thought this matter was going to be resolved without a hearing.” Further, respondent contended he did not retain counsel to represent him until a week before the hearing, and due to the lack of notice, his attorney was unable to attend the formal hearing. Respondent claimed he was unaware, until vety recently, that he needed representing counsel.
In its written reasons denying the continuance, the hearing committee stated the affidavit “was not convincing in that it appeared self-serving and apocryphal." The committee also stated that "having months of notice with regard to the allegations and admitted two-weeks notice of the hearing was adequate time to prepare for a hearing on an uncomplicated, one count, formal charge.”

. The committee was especially troubled by Ms. Mills' testimony regarding the mail. It noted that when certified mail receipts were shown to her for identification, she claimed to be unable to recognize the signature of the only other employee in the office. When mail was shown to have been received, she alternatively claimed not to have received it, or to have received it but withheld it from Mr. Jones.

. The committee proposed the following probationary conditions:
1. Audit of respondent's trust account by a CPA firm annually for five years;
2. An additional three hours of CLE ethics credits for each year for the next five years;
3. Three hours of CLE small office practice (or similar) credits for each year for the next five years; and
4. Prompt and immediate payment of all costs of these proceedings. — .

. The disciplinary board proposed the following conditions:
1. Respondent’s trust account shall be audited annually by a CPA;
2. Respondent shall annually attend an additional three hours of CLE in the area of ethics in addition to the requisite fifteen hours mandated under the rules;
3. Respondent shall annually attend three hours of CLE in the area of small office practice/loss prevention, such as the "Malpractice Prevention Seminar" presented by the LSBA's Office of Loss Prevention, or its equivalent;
4. Respondent shall require his secretary, Janie Mills, to attend a workshop on efficient office practices, such as the Staff Workshop presented by the LSBA's Office of Loss Prevention, or its equivalent;
5. Respondent shall comply with all MCLE, pay all bar dues, file an annual registration statement and pay his yearly disciplinary assessment; and
6. Respondent shall fully comply with the Rules of Professional Conduct, and shall promptly and fully cooperate with ODC for requests for information.

. For example, in Louisiana State Bar Association v. Pasquier, 545 So.2d 1014 (La.1989), this court imposed a six month suspension on an attorney, who commingled and converted client funds by failing to deposit a client check for $2,500 into his client trust account so that it would not be seized in his own bankruptcy proceedings, was charged with commingling and conversion of client funds. As mitigating factors, the court considered the attorney’s lack of a prior disciplinary record and his personal problems stemming from his financial situation and his wife's serious illness.

. Under condition number four, the board ordered respondent to require his secretary to attend a workshop on efficient office management. We express some concern over whether the board has authority over a non-lawyer, such as respondent’s secretary. In any event, since respondent ultimately has responsibility for the actions of his staff under Rule 5.3 of the Rules of Professional Conduct, we find the focus of the probationary conditions should be to increase respondent’s knowledge of his responsibilities toward client funds, which he may then communicate to his staff.