ATTORNEY DISCIPLINARY PROCEEDINGS
| .PER CURIAM. *
This attorney disciplinary proceeding arises from seven counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Glynn W. *1273 Reynolds, an attorney licensed to practice law in the State of Louisiana.[1]
UNDERLYING FACTS

Count I

Jamie Shea Jordan hired respondent in December of 1993 to prepare a trust instrument in which she would be named as beneficiary. Respondent named himself as trustee of the trust and Ms. Jordan as the beneficiary. The trust document called for the proceeds to be distributed quarterly, with the balance of the trust proceeds paid to Ms. Jordan upon the death of her parents. The sum of $36,000 was deposited into the trust. By April of 1994, both of Ms. Jordan’s parents had passed away. Respondent failed to provide an accounting of the trust as requested, and he failed to disburse the trust proceeds to Ms. Jordan, commingling, converting and/or misappropriating a large portion of the trust funds to his own use.
| ?Count II
Ms. Jordan also hired respondent in February of 1994 to handle the succession of her mother and in April, 1994, to handle her father’s succession. The successions were not complicated, as Ms. Jordan was the only child and sole heir. Respondent failed to complete the successions, and Ms. Jordan discharged him in July of 1996.

Count III

Robert F. McClees retained respondent in January of 1993 to represent his minor stepson, Richard A. Poe, to appeal the denial of a claim for Social Security disability benefits. Respondent failed to file the appeal and the time for appeal expired.

Count IV

Carolyn Farr Torres retained respondent in two matters — an administrative appeal relative to a loan foreclosure by the Farmers Home Administration (“FHA”), and the collection of child support. Although respondent appeared at the first FHA appeal hearing, he faded to appear at the second appeal hearing and failed to provide Ms. Torres with her file and documents to represent herself. Respondent failed to take action in the child support matter, and he faded to return his client’s file to her.

Count V

Bertha L. Cunningham retained respondent to represent her in connection with a Social Security disabdity claim. On May 24, 1993, the Social Security office made a decision to award benefits to Ms. Cunningham, and it approved respondent’s fee agreement with his client. On June 21, 1993, Ms. Cunningham paid a fee of $1,576.08 directly to respondent. On December 16, 1993, the Social Security Administration rescinded its approval of the fee and advised respondent that he must file a fee petition to collect a fee. Respondent faded to fde a fee petition and faded to return the $1,576.08 fee he collected directly from Ms. Cunningham. Respondent’s conduct constituted the receipt of an unauthorized fee and the knowing collection of a fee in an amount in excess of that adowed, in violation of 42 U.S.C. 406(a) and 1338(d), and implementing regulations 20 CFR 404.1720(b), 404.1745, 416.1520(b), 416.1540(b), and 416.1525. Respondent’s conduct 13m this matter was instrumental in his being disqualified from representing clients before the Social Security Administration on October 28,1996.

Count VI

Shirley A. Smith hired respondent to represent her in connection with a Social Security disabdity claim. On June 23, 1993, the Social Security Administration *1274 awarded benefits to Ms. Smith. On or around September 2, 1993, Ms. Smith paid a fee of $4,589.18 directly to respondent, who failed to have either a fee agreement or a fee petition approved by the Social Security Administration, and he failed to return the fee collected directly from Ms. Smith to her. Respondent’s conduct constituted the receipt of an unauthorized fee and the knowing collection of a fee in an amount in excess of that allowed, and it was instrumental in his being disqualified from representing clients before the Social Security Administration on October 28, 1996.

Count VII

On May 5, 1997, the ODC personally served respondent with a subpoena, issued pursuant to the authority of the Louisiana Supreme Court, ordering him to appear before the ODC on May 21, 1997 to testify and produce copies of any and all file material with regard to the Social Security Administration disqualification proceeding. Respondent failed 'to appear as required by this subpoena.
DISCIPLINARY PROCEEDINGS
’ Formal Charges
The ODC filed formal charges against respondent, alleging he violated Rule 1.1 (failure to act competently); Rule 1.3 (failure to communicate with clients); Rule 1.4 (failure to act with diligence and promptness); Rule 1.5 (receipt of unauthorized fees); Rule 1.15(a) (safekeeping of client’s property); Rule 1.15(b) and (c) (failure to promptly deliver property and/or an accounting); Rule 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); Rule 8.1(b) and (c) (failing to respond to a lawful demand for information and failing to cooperate with the Committee on Professional Responsibility); Rule 8.4(a) (violating the Rules of Professional LConduct); Rule 8.4(b) (committing a criminal act, especially one that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); Rule 8.4(d) (engaging in conduct that is prejudicial to the administration of justice); and 8.4(g) (failing to cooperate with the Committee on Professional Responsibility in its investigation of alleged misconduct) of the Rules of Professional Conduct alleging several violations of the Rules of Professional Conduct.
Respondent failed to answer the formal charges. Accordingly, the matter was submitted to the hearing committee on documentary evidence only.

Hearing Committee Recommendation

The hearing committee found the ODC proved all the factual allegations set forth in the formal charges by clear and convincing evidence. It found no factors in mitigation but noted the following aggravating factors: substantial experience in the practice of law, pattern of misconduct, multiple offenses, failure to cooperate, vulnerable victim, and indifference to restitution. The committee concluded respondent’s conduct was intentional and caused injury to his clients and others. Referring to the ABA Standards for Imposing Lawyer Sanctions, the committee found disbarment to be the baseline sanction, and therefore recommended respondent be disbarred.

Disciplinary Board Recommendation

The disciplinary board initially ordered the ODC to submit any response to the complaints filed against respondent, or any deposition testimony of respondent or of the complainants, to supplement other evidence already presented. The ODC supplemented the record with this testimony and other documents assembled during the ODC’s investigation of the conduct giving rise to the formal charges herein.
After reviewing the additional exhibits, the disciplinary board concluded that the recommended sanction of disbarment was appropriate given respondent’s prior discipline.[2] The | sboard found respondent con *1275 verted funds belonging to Ms. Jordan and inappropriately collected fees from Ms. Cunningham and Ms. Smith. He failed to act on behalf of Mr. McClees and Ms. Torres. Respondent has refused to cooperate with the disciplinary system, and his past responses indicate a lack of remorse or responsibility for his actions. The board took note that respondent has failed to make any restitution, has engaged in deceptive practices with clients, and he blames others for his misfortune. He has violated duties owed to his clients, the profession, and the legal system, and his conduct is knowing, if not intentional. Finally, he has caused great harm to his clients, the disciplinary system, and administrative agencies such as the Social Security Administration.
The board found that pursuant to Standard 8.1 of the ABA’s Standards for Imposing Lawyer Sanctions, disbarment is generally appropriate when a lawyer has been suspended for the same or similar misconduct, and he intentionally or knowingly engages in further similar acts or misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession. The board additionally indicated that nine aggravating factors are present: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, deceptive practices during the disciplinary process, refusal to acknowledge wrongful nature of conduct, vulnerability of the victims (particularly the Social Security clients), substantial experience in the practice of law, and indifference to making restitution. There were no factors in mitigation, and respondent presented no defense to the formal charges.
The board therefore recommended that respondent be disbarred from the practice of law, that he be ordered to pay restitution with legal interest, and that he be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the findings of the hearing committee and disciplinary board. As demonstrated by respondent’s actions in the instant matter, as well as by his extensive prior | (-.disciplinary record, respondent has little regard for his clients welfare, or for his professional obligations as a member of the bar of this state. Under these circumstances, we conclude disbarment is the appropriate sanction.
DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and after consideration of the record filed herein, it is the decision of the court that the name of respondent, Glynn W. Reynolds, be stricken from the roll of attorneys, and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make restitution to his clients.. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Lemmon, J. not on panel. Rule IV, Part II, § 3.

. On February 16, 1996, this court suspended respondent from the practice of law for eighteen months, with all but three months deferred, subject to probation with certain conditions. In re: Reynolds, 95-3059 (La.2/16/96), 667 So.2d 1042. On December 16, 1996, the ODC filed a rule to revoke probation, contending respondent violated several conditions of his probation. This court revoked respondent’s probation and made the remaining fifteen months of his suspension executory, ordering the ODC to continue its investigation of the newly filed complaints, some of which comprise the formal charges now being considered. In re: Reynolds, 95-3059 (La.5/1/97), 692 So.2d 1057.

. In addition to respondent’s previous suspension and subsequent revocation of probation, the disciplinary board has admonished the respondent four times: 1) in 90-ADB-618, after he failed to respond to a complaint filed by a former client, Joseph T. Bartucci, which indicated respondent refused to return his files; 2) in 91-ADB-020, for failing to reply to *1275 a complaint filed by Sim Allday, also a former client; 3) in 92-ADB-030 for collecting an improper fee from Mr. Glen E. DeLaughter during his representation in a worker's compensation case; and 4) in 94-ADB-124, for failing to respondent to a complaint filed by Philip Brant, Jr.