ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM.*
This disciplinary matter arises from a petition for consent discipline filed prior to the institution of formal charges by respondent, Leonard William Crooks, an attorney licensed to practice law in Louisiana. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed consent discipline be accepted.
UNDERLYING FACTS
The record of this matter reveals that respondent has improperly used his client trust account on at least three occasions. In the first instance, respondent drew a check on his trust account, anticipating that settlement funds were going to be wire transferred to the account.[1] Respondent instructed his office staff that the check was not to be negotiated until the wire transfer was received. Respondent then departed from the country. During his absence, respondent’s office staff negotiated the check without waiting for the wire transfer to be received.
|;>The second incident concerned a check drawn on respondent’s trust account in the amount of $29 and payable to the United States Post Office. This check was writ *693 ten by a member of respondent’s office staff for postage and was presented to respondent for his signature. Respondent signed the check without question.[2]
In the third incident, a former client asked respondent to loan him $2,500. Respondent was unable to locate the checks for his operating account, so he drew a $2,350 check on his trust account and gave it to the client, along with $150 in cash. Respondent advised his client not to deposit the check until funds could be deposited in the trust account to cover the check. However, the client failed to heed respondent’s instructions, and the check was returned NSF.
DISCIPLINARY PROCEEDINGS
Prior to the institution of formal charges, respondent filed a petition for consent discipline. In his petition, respondent admits that his conduct violated Rules 1.15 (safekeeping property of clients or third persons) and 5.3 (responsibilities regarding non-lawyer assistants) of the Rules of Professional Conduct. Respondent proposed that he be suspended from the practice of law for one year and one day, deferred, subject to two years of supervised probation with the following conditions:
A. Respondent shall attend the LSBA Ethics School;
B. Respondent shall remain current with all obligations concerning LSBA dues, M.C.L.E., and disciplinary assessments;
C.Respondent shall refrain from violating the Rules of Professional Conduct;
|aD. A probation monitor shall be appointed to periodically monitor Leonard William Crooks’ client trust account as well as his compliance with his other conditions; and
E. Respondent shall pay all costs of these proceedings.
The ODC concurred in respondent’s petition, suggesting that the proposed sanction is appropriate to address respondent’s negligent misconduct. The only aggravating factor cited by the ODC is substantial experience in the practice of law (admitted 1984). The mitigating factors include absence of a prior disciplinary record, absence of dishonest or selfish motive, cooperative attitude toward the disciplinary proceedings, character or reputation, physical impairment,[3] and remorse.

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent violated a duty owed to his clients and the profession, and that his conduct was negligent and caused potential injury to his clients.
Relying on the ABA’s Standards for Imposing Lawyer Sanctions[4] and the prior jurisprudence dealing with similar misconduct,[5] the board concluded the proposed consent discipline is appropriate. Accordingly, the board recommended respondent be suspended from the practice of law for one year and one day, deferred, subject to two years of supervised probation with the *694 conditions proposed in the petition for consent discipline.
| ¿Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Respondent has admitted that he violated the professional rules as set forth in the petition for consent discipline. Given the significant mitigating factors in this case, and the fact that respondent’s conduct caused little, if any, harm to his clients, we find that the proposed consent discipline is appropriate under the circumstances.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Leonard William Crooks be suspended from the practice of law for one year and one day. Said suspension shall be deferred, subject to a two-year period of supervised probation governed by the conditions set forth in the petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Traylor, J., not on panel. Rule IV, Part II, § 3.

. It appears that respondent’s intent in writing the check was to remove his attorney’s fee from the trust account after the settlement funds were received. The amount of the check is not specified in the petition for consent discipline, but the check was returned NSF. In any event, the settlement funds were never received, and accordingly, respondent was ultimately unable to collect an attorney’s fee.

. Respondent points out that he routinely kept approximately $150 of his own funds in the trust account in order to ensure that it would not become overdrawn. It appears there were generally very little, if any, client funds in the account.

. The nature of respondent’s physical impairment is not explained in the record.

. Under Standard 4.12, suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes potential injury to a client.

.In support of its recommendation, the disciplinary board cited In re: Jones, 98-0971 (La. 11/6/98), 721 So.2d 850 (one-year suspension with all but two months deferred, followed by two years of supervised probation with conditions), and In re: Reynolds, 95-3059 (La.2/16/96), 687 So.2d 372 (eighteen-month suspension with all but three months deferred, followed by two years of supervised probation with conditions).