*478 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from six counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Glynn W. Reynolds, a currently disbarred attorney.[1]
FORMAL CHARGES
Count I — The Eason Matter
In April 1986, Ama Eason paid respondent $150 to handle a stock transfer. Respondent failed to complete the representation and failed to communicate with his client concerning the matter. He also failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee.
In May 1997, Mrs. Eason filed a complaint against respondent with the ODC. On June 2, 1997, the ODC forwarded a copy of the complaint to respondent at his primary registration statement address. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling him to appear and answer the complaint under oath. Respondent failed to appear.
\9Count II — The Fontenot Matter
In January 1997, Larry Fontenot paid respondent $600 to handle a child custody matter. Respondent failed to complete the representation and failed to communicate with his client concerning the matter. He also failed to account for any earned portion of the legal fee and failed to refund the unearned portion of the fee.
In May 1997, Mr. Fontenot filed a complaint against respondent with the ODC. On June 18, 1997, the ODC forwarded a copy of the complaint to respondent at his primary registration statement address. *479 Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling him to appear and answer the complaint under oath. Respondent failed to appear.
Count III — The Jones Matter
In February 1996, Carol Jones retained respondent to handle a Social Security disability and/or workers’ compensation matter. Respondent failed to complete the representation, failed to communicate with his client, and refused to return Ms. Jones’ file to her.
In July 1997, Ms. Jones filed a complaint against respondent with the ODC. On September 4, 1997, the ODC forwarded a copy of the complaint to respondent at his primary registration statement address. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling him to appear and answer the complaint under oath. Respondent failed to appear.
Count IV — The Criminal Convictions
On February 23,1999, respondent pleaded guilty in the Ninth Judicial District Court to one count of theft of currency in excess of $500, a violation of La. R.S. | s14:67. The charge stemmed from respondent’s handling of a succession matter.[2] See State v. Reynolds, 99-1847 (La.App. 3rd Cir.6/7/00), 772 So.2d 128. In addition, respondent pleaded guilty to other unrelated charges, including forgery, unauthorized use of a movable, and issuing worthless checks. According to the transcript of the plea colloquy, the forgery charge stemmed from respondent’s forgery of a credit card application in the name of Janice S. Reynolds; the unauthorized use of a movable charge stemmed from respondent’s misuse of Alexandria city telephone services; and the worthless check charge stemmed from respondent’s issuance of a series of checks which were returned to the respective payees marked “insufficient funds” or “account closed” (totaling between $100 and $500 in the aggregate).
Count V — The Berry Matter
In June 1994, Joe Berry retained respondent to handle a personal injury matter arising out of an accident which occurred in Texas. Respondent associated a Texas lawyer, Mr. Smith Day, but thereafter did little work in the case. On February 16, 1996, this court suspended respondent from the practice of law for eighteen months, with fifteen months deferred, followed by a two-year period of supervised probation with conditions. In re: Reynolds, 95-3059 (La.2/16/96), 667 So.2d 1042, 687 So.2d 372. In June 1996, respondent and Mr. Day timely filed suit on Mr. Berry’s behalf. Berry v. Schrock, No. 15,778 on the docket of the District Court of Tyler County, Texas. On May 1, 1997, this court revoked respondent’s probation and made the deferred portion of the 1996 suspension executory because respondent failed to comply with the terms of probation. In re: Reynolds, 95-3059 (La.5/1/97), 692 So.2d 1057, reh’g denied June 13,1997. Respondent did not inform his client of his Rsuspension from the practice of law. On May 22, 1997, the Texas court allowed Mr. Day to withdraw as counsel; although respondent was aware of this fact, he did not associate another Texas lawyer to handle the case. Moreover, respondent attended a deposition with his client after he was suspended.
Trial in the matter was set for February 5, 1998, but respondent did not appear on that date. On April 27, 1998, the Texas *480 court dismissed Mr. Berry’s case for lack of prosecution. Mr. Berry subsequently retained new counsel, and the court reinstated the case upon plaintiffs payment of $2,500 in attorney’s fees to the defendant.
Count VI — The Unauthorized Practice of Law Matter
On February 3, 1997, respondent filed suit against Mutual Service Casualty Insurance Company on behalf of his brother, Dr. Wallace Reynolds, and two nephews. Reynolds v. Champion, No. 186,939 on the docket of the Ninth Judicial District Court for the Parish of Rapides. On May 1, 1997, this court revoked the probation imposed upon respondent in connection with his 1996 suspension and required him to serve the portion of the suspension which had been deferred. Nevertheless, respondent continued to handle the Reynolds case and held himself out as an attorney to the insurance company’s adjustor and its counsel.
In April 1999, counsel for Mutual Service filed a complaint against respondent with the ODC. On April 12, 1999, and again on October 25, 1999, the ODC forwarded a copy of the complaint to respondent at multiple addresses. Respondent failed to reply to the complaint.
DISCIPLINARY PROCEEDINGS
On April 20, 2000, the ODC filed six counts of formal charges against respondent, alleging that his conduct violates the following provisions of the Rules of ^Professional Conduct: Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5© (payment of fees in advance of services), 1.16(d) (termination of the representation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 5.5 (engaging in the unauthorized practice of law), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(g) (failure to cooperate with the ODC in its investigation). In addition, the ODC alleged that respondent violated Supreme Court Rule XIX, § 26(a) by failing to notify the appropriate parties of his suspension from the practice of law.
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, no formal hearing was held, and the matter was submitted to the hearing committee solely on the ODC’s documentary evidence. See Supreme Court Rule XIX, § 11(E)(3).

Hearing Committee Recommendation

After reviewing the record of this matter, the hearing committee recommended that respondent be disbarred. The committee particularly noted the gravity of respondent’s offenses and the relevant (though unspecified) aggravating factors present.
The ODC filed an objection to the hearing committee’s recommendation, seeking the imposition of permanent disbarment.
| bDisciplinary Board Recommendation
After reviewing the record of this matter; the disciplinary board agreed that the formal charges were generally proven by clear and convincing evidence.[3] The board *481 found that respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the profession. The board noted that although the severity of the harm is unknown, Mrs. Eason, Mr. Fontenot, and Ms. Jones were all harmed by the substantial delays in their cases. It found Mrs. Eason reported that she was unable to sell her stock when its value increased to an all-time high because respondent failed to have the stock certificate transferred from her deceased husband’s name into her name, observed that Mr. Fontenot’s child custody matter was delayed by months and noted that neither Mrs. Eason nor Mr. Fontenot received an accounting or a refund of their money from respondent. It found Ms. Jones’ disability matter was delayed by one to two years, although it conceded that it was unknown whether any of her rights were lost because of the delay. It found Mr. Berry’s case, which involves a personal injury claim for permanent injury and which is estimated to be worth approximately $850,000, was actually dismissed by the Texas court due to respondent’s failure to appear for trial.[4] The board found the public has been harmed and the reputation of the profession has been damaged by respondent’s conviction of forgery of a credit card application, unauthorized use of a movable, and issuing worthless checks. Finally, it recognized that respondent’s actions wasted the time of |7the ODC and the Texas court, and has damaged the legal system. The board concluded this misconduct is serious and that the applicable baseline sanction is disbarment.
As aggravating factors, the board recognized prior disciplinary offenses,[5] dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary process, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and substantial experience in the practice of law (admitted 1968). The board found no mitigating factors are present.
The board noted that at the time its recommendation was drafted, this court had not yet imposed the sanction of permanent disbarment. However, upon considering the criteria set forth in Appendix E to the Rules of Lawyer Disciplinary Enforcement, the board concluded that the criteria for permanent disbarment are met in this case. Accordingly, the board recommended that respondent be permanently disbarred.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and con *482 duct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard 1 Sis applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports a finding of professional misconduct that is unquestionably serious in nature. Respondent engaged in the unauthorized practice of law after being disciplined by this court, and in fact, did so on more than one occasion and in more than one client matter. Furthermore, respondent has engaged in serious criminal conduct which resulted in his pleading guilty to charges of felony theft, forgery, unauthorized use of a movable, and issuing worthless checks. No less serious is the fact that respondent also neglected his clients’ legal matters, failed to communicate with his clients, failed to refund unearned legal fees, and failed to cooperate with the ODC in its investigation.
Having found evidence of professional misconduct, the sole issue presented for our consideration is the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s neglect of his clients’ legal matters and failure to account for his fees caused actual harm to them. Additionally, his criminal convictions and his unauthorized practice of law call his moral fitness into question. There are no mitigating factors; however, numerous aggravating factors are present. Under these circumstances, we conclude disbarment is the proper sanction.
|aThe disciplinary board recommended that we consider imposing the sanction of permanent disbarment, as set forth in the amendments to Supreme Court Rule XIX, § 10[6] and § 24.[7] We agree that respon *483 dent’s conduct fits several of the permanent disbarment guidelines set forth in Appendix E to the Rules of Lawyer Disciplinary Enforcement, including Guideline 8 (“following notice, engaging in the unauthorized practice of law ... during the period of time in which the lawyer is suspended from the practice of law or disbarred”) and Guideline 9 (“instances of serious attorney misconduct ... preceded by suspension or disbarment for prior instances of serious attorney misconduct...)
However, our review of the record reveals that much of the instant misconduct occurred in the same general time frame as the misconduct forming the basis for respondent’s earlier disbarment. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when the underlying conduct occurs within the same period as the misconduct forming the basis for a previous disbarment, the discipline imposed should be determined as if both proceedings were before the court ^^simultaneously. Applying this procedure in Chatelain, we declined to extend the minimum period for readmission. Instead, we adjudged the respondent guilty of additional violations warranting disbarment which were added to his record for consideration in the event he applied for readmission after becoming eligible to do so. See also In re: Gros, 98-0772 (La.3/15/02), 815 So.2d 799; In re: Parker, 00-3532 (La.3/15/02), 815 So.2d 794; In re: Patrick, 01-1419 (La.3/15/02), 815 So.2d 804.
In determining an appropriate sanction in the instant case, we believe the approach of Chatelain is instructive. Accordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if these charges had been before the court at the same time as the charges in respondent’s previous disciplinary proceedings.
Had the instant charges been filed simultaneously with those charges forming the basis of respondent’s earlier disbarment, they would have only reinforced our view that respondent lacks the moral fitness to practice law and must be disbarred, both as a sanction for his misconduct and to protect the public. Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. We further emphasize that although respondent may have a procedural right to apply for readmission, this court retains absolute discretion to grant or deny such an application. In light of respondent’s lengthy history of egregious misconduct, this court will carefully scrutinize any application for readmission with a critical eye.
DECREE
For the reasons assigned, it is ordered that Glynn W. Reynolds be adjudged guilty of additional violations which warrant disbarment and which will be added to Inhis record for consideration in the event he applies for readmission after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., would permanently disbar.

. Respondent was disbarred by this court in 1999 for various knowing and intentional misconduct, including conversion of client funds, neglect of legal matters, and receiving unauthorized fees in Social Security disability claims. In re: Reynolds, 99-0824 (La.7/2/99), 737 So.2d 1272.

. We note that respondent was charged in his prior disbarment with the substantive misconduct which precipitated the theft charge. See Count I of the formal charges filed in In re: Reynolds, 99-0824 (La.7/2/99), 737 So.2d 1272.

. The board did not find that respondent failed to appear in response to a subpoena in connection with Counts I and II, citing a lack of evidence that respondent was served with the subpoena. In addition, the board declined to find that respondent failed to return Ms. Jones' file, as charged in Count III, citing *481 a lack of evidence that the client made such a request.

. It appears from the record that Mr. Beriy, having become dissatisfied with respondent’s failure to communicate with him or to move the case along, happened to engage another attorney who discovered that the case had recently been dismissed. This attorney was able to have the case reinstated, but Mr. Berry had to pay the defendant $2,500 in attorney’s fees for his failure to appear on the original trial date.

. In addition to the 1996 suspension, 1997 probation revocation, and 1999 disbarment earlier discussed, respondent has been admonished by the disciplinary board on four occasions: 94-ADB-124 (failure to cooperate in a disciplinary investigation), 92-ADB-030 (collecting an improper fee in a workers' compensation case), 91-ADB-020 (failure to cooperate in a disciplinary investigation), and 90-ADB-618 (failure to cooperate in a disciplinary investigation).

. Supreme Court Rule XIX, § 10(A) was amended to add the highlighted language:
(1) Disbarment by the court. In any order or judgment of the court in which a lawyer is disbarred, the court retains the discretion to permanently disbar the lawyer and permanently prohibit any such lawyer from being readmitted to the practice of law.

. Supreme Court Rule XIX, § 24(A) was amended to add the highlighted language:
A disbarred lawyer or a suspended lawyer who has served a suspension period of more than one year, exclusive of any waivers or periods of deferral, shall be reinstated or readmitted only upon order of the court. No lawyer may petition for reinstatement until six months before the period of suspension has expired. No lawyer may petition for readmission until five years after the effective date of disbarment. A lawyer who has been placed on interim suspension and is then disbarred for the same misconduct that was the ground for the interim suspension may petition for readmission at the expiration of five years from the time of the effective date of the interim suspension. The court retains the discretion, in accordance with Section 10A of this rule, to permanently disbar a lawyer and permanently prohibit any such lawyer *483 from being readmitted to the practice of law.