*176 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM. *
This disciplinary matter arises from a petition for consent discipline filed jointly by respondent, Dwight D. Reed, and the Office of Disciplinary Counsel (“ODC”) pri- or to the institution of formal charges.
UNDERLYING FACTS
In June 1998, the ODC received information suggesting that respondent was improperly handling funds in his client trust account. The ODC requested and received copies of respondent’s bank records. Upon investigation, it was determined that respondent commingled and converted $2,000 belonging to a client. Respondent subsequently repaid these funds.
DISCIPLINARY PROCEEDINGS
Prior to the filing of formal charges in this matter, respondent and the ODC jointly filed a petition seeking consent discipline. Respondent admitted that his conduct violated Rule 1.15(a) (safekeeping property of clients or third persons) of the Rules of Professional Conduct. For this misconduct, respondent and the ODC proposed that respondent be suspended from the practice of law for a period of six months, deferred, subject to one year of supervised probation. The parties further agreed that as a condition of probation, respondent’s client trust account, and the financial records associated with this account, will be reviewed monthly by a CPA during the period of probation. Furthermore, they stipulated respondent will be responsible for all costs associated with this proceeding, including all costs of probation.
| gDisciplinary Board Recommendation
The disciplinary board noted that respondent has admitted that he engaged in the misconduct set forth in the petition for consent discipline. Relying on the ABA’s Standards for Imposing Lawyer Sanctions [1] and on jurisprudence from this court[2], the board concluded the proposed consent discipline appropriately addresses respondent’s misconduct. The board also suggested that the mitigating factors (no prior disciplinary record, payment of restitution, cooperative attitude, and remorse) weigh in favor of accepting the proposed consent discipline, particularly where the only aggravating factor involved is respondent’s experience in the practice of law.
Accordingly, the board recommended respondent be suspended from the practice of law for six months, deferred, subject to one year of supervised probation with the special conditions proposed in the petition for consent discipline.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Respondent has admitted that he improperly handled funds in his client trust account. While this is very serious misconduct, there are significant mitigating factors, including respondent’s lack of a prior disciplinary record and his payment of restitution. Under these circumstances, we find that the proposed consent discipline, consisting of a deferred suspension *177 and probation, is an adequate sanction which will serve to protect the public.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Dwight D. Reed be suspended from the practice |sof law for a period of six months, deferred, subject to a one-year period of supervised probation which shall be governed by the specific terms and conditions set forth in the petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Lemmon, J., not on panel. Rule IV, Part II, § 3.

. Standard 4.12 suggests that suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.

. The respondent in In re: Kenneth Sarama, 97-0452 (La.6/13/97), 695 So.2d 517, withheld $2,000 from a settlement to pay the claim of an intervenor in the case, placing the funds in his client trust account. However, the respondent's bank records from the period during which he retained the funds indicated that he allowed the balance of his client trust account to fall below $2,000. For his misconduct, respondent was suspended for six months, deferred, subject to one year of probation.