ATTORNEY DISCIPLINARY PROCEEDINGS.
LPER CURIAM.
This matter arises from a petition for consent discipline submitted by respondent, Francis C. Broussard, following the filing of formal charges by the Office of Disciplinary Counsel (“ODC”).
UNDERLYING FACTS
This proceeding involves two separate counts of misconduct. The facts, as stipulated to by the parties, are as follows:

Bálsamo Matter

Respondent represented Steve Balsamo in a workers’ compensation matter. During the representation, Mr. Balsamo was hired by a construction company which was partially owned by respondent. Mr. Balsamo was injured again while working for respondent’s company. Respondent represented him for a period of time in connection with this claim until he was terminated by Mr. Balsamo. At no time did respondent obtain a waiver of the conflict of interest from his client.

Edwards Matter

Sandra D. Edwards retained respondent to represent her in a personal injury claim and a workers’ compensation matter. At some point, the personal injury claim was settled; however, respondent failed to disburse the settlement proceeds to Ms. | ^Edwards for over a year. During the time respondent was holding these funds, the balance in his trust account fell below the amount of the client’s share due to negligent bookkeeping. Respondent ultimately paid Ms. Edwards all funds due her from the settlement.
*1134 DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respondent. The first count, relating to the Bal-samo matter, alleged respondent violated Rule 1.7(b) of the Rules of Professional Conduct by representing a client where the representation conflicted with the lawyer’s own interest without obtaining the consent of the client after consultation. The second count, relating to the Edwards matter, alleged that respondent violated Rule 1.15(a) and (b) by commingling and converting his client’s funds.[1]

Petition for Consent Discipline

Prior to a hearing on the formal charges, respondent filed a petition for consent discipline, in which he stipulated to the facts and admitted his conduct violated Rules 1.7(b) and 1.15(a) and (b). As a sanction, respondent proposed that he receive a six-month suspension from the practice of law, fully deferred. Respondent further proposed that he be placed on supervised probation for a period of one year, subject to the conditions that he submit to a quarterly audit of his trust account by a CPA, attend six additional hours of continuing legal education in the area of law office ^practice and trust accounts and that he attend and complete the Louisiana State Bar Association’s Ethics School.
The ODC concurred with the petition for consent discipline. In its concurrence, the ODC observed that respondent’s rule violations resulted from negligence and were corrected by him once they were discovered.

Recommendation of the Disciplinary Board

Based on respondent’s admission of misconduct, the board accepted that he violated the rules as charged and found the sole issue before it was whether the proposed sanction was appropriate. Citing this court’s opinions in In re: Reed, 99-3435 (La.1/14/00), 753 So.2d 175, and In re: Sarama, 97-0452 (La.6/13/97), 695 So.2d 517, the board found that this court imposed fully deferred suspensions followed by probation for similar misconduct. As aggravating factors, it identified respondent’s prior discipline[2] and multiple offenses. In mitigation, the board found respondent paid restitution and demonstrated a cooperative attitude toward the disciplinary proceedings.
Based on this analysis, the board found the proposed sanction was in line with existing case law and was appropriate to address respondent’s misconduct. Accordingly, the board recommended the petition for consent discipline be accepted.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
I ¿DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, *1135 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s misconduct, especially his failure to disburse client funds for over a year, is serious in nature. However, it appears his actions resulted from negligence rather than any dishonest or selfish motive. There is no indication that the client in the Balsamo matter suffered any significant harm from respondent’s actions. Likewise, the client in the Edwards matter was not significantly harmed, and ultimately received all of the funds due to her. We consider respondent’s payment of restitution, combined with his cooperative attitude toward these proceedings, to be important mitigating factors.
Under similar facts, we have imposed fully deferred suspensions, combined with probation. See, e.g., In re: Reed, 99-3435 (La.1/14/00), 753 So.2d 175 (six month suspension, fully deferred, followed by one year period of supervised probation imposed upon an attorney who commingled and converted client funds but who repaid those funds and displayed a cooperative attitude). Such an approach gives the lawyer an opportunity to correct the problems which caused the misconduct, while at the same time protecting the public from future misconduct.
| «¡Accordingly, we will accept the petition for consent discipline, and impose a fully deferred suspension, subject to probation with conditions.[3]
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Francis C. Broussard be suspended from the practice of law for a period of six months. It is further ordered that this suspension shall be fully deferred and respondent shall be placed on supervised probation for a period of one year, subject to the conditions set forth in the petition for consent discipline. Any violation of the conditions of probation or any other misconduct during the probationary period may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, and TRAYLOR, JJ., dissent.

. The ODC also charged respondent violated Rule 1.4 by failing to communicate with Ms. Edwards. However, the ODC later dismissed this portion of the charges.

. Respondent received an admonition in 1998, but the record does not contain any information regarding the underlying facts of this admonition.

. Because the sanction in consent discipline proceedings is arrived at by mutual agreement between respondent and the ODC, and is not necessarily the sanction this court would approve after a hearing before a hearing committee and a recommendation by the disciplinary board, it has limited precedential value in future cases. See, e.g., In re: Boudreau, 00-3158 (La. 1/5/01), 776 So.2d 428.